**GREGORY NICOLAYSEN (CA 98544)**
**27240 Turnberry Lane, Suite 200**
**Valencia, CA 91355**
**P: (818) 970-7247**
**F: (661) 252-6023**
**E: gregnicolaysen@aol.com**

**Attorneys For Defendant,**
**Richard Mandac**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RICHARD MANDAC,**<br><br>**Defendant** | **Case No. 2:25-cr-840-MEMF-9**<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT RICHARD MANDAC FOR SEVERANCE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE: November 19, 2026**<br>**TIME: 2:00 p.m.**<br>**CTRM: Hon. Maame Ewusi-Mensah Frimpong** |

**TO: THIS HONORABLE COURT AND THE U.S. GOVERNMENT, THROUGH ITS COUNSEL OF RECORD, ASSISTANT U.S. ATTORNEYS CHRISTINA R.B. LOPEZ AND NICHOLAS G. PURCELL:**

**PLEASE TAKE NOTICE that on November 19, 2026, at 2:00 p.m., before the Honorable Maame Ewusi-Mensah Frimpong, Judge of the United States District Court, defendant Richard Mandac will move the Court for an order that severs Count 36 from the Indictment and grants Mr. Mandac a separate trial date from the codefendants.**

**The motion is based on the arguments that the inclusion of Count 36 in the indictment constituted improper joinder under Fed.R.Crim.P. ("Rule") 8(a) and that severance is warranted under Rule 14 due to prejudicial joinder that would result from a trial with the codefendants.**

**The motion is brought pursuant to this notice of motion, the accompanying memorandum of points and authorities, all papers contained in the district court file, and any additional evidence the court permits counsel to introduce at the hearing on the motion.**

**DATED: October 21, 2026** **Respectfully Submitted,**

**/S/**

**GREGORY NICOLAYSEN**
**Counsel for Defendant,**
**Richard Mandac**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant Richard Mandac respectfully moves under Federal Rules of Criminal Procedure 8(a) and 14(a) for severance and a separate trial from all co-defendants.

On October 16, 2025, the government filed a 39-count, 103-page Indictment against fourteen defendants. Count One charges thirteen defendants with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), in connection with the Rancho San Pedro gang ("RSP"). (Pacer docket #85). Typical of RICO-gang indictments generally, Count One alleges that RSP operates under the control of the Mexican Mafia, has hundreds of members divided into cliques, uses gang signs to identify members and threaten rivals, controls territory through intimidation and violence, and engages in violent crime and drug trafficking, among other things. Mr. Mandac is the only defendant not charged in Count One.

Count Two charges the same thirteen defendants with a drug conspiracy under 21 U.S.C. § 846. Again, Mr. Mandac is the only defendant not charged.

Nor is Mr. Mandac charged in any of the sixteen substantive drug counts under 21 U.S.C. § 841,[1] any of the eight firearm counts under 18 U.S.C. § 924(c),[2] or any of the nine

---

[1] Counts 3, 4, 7, 8, 11, 12, 13, 16, 17, 20, 21, 22, 25, 28, 31, 32.

[2] Counts 5, 9, 14, 18, 23, 26, 29, 33.

**sentencing enhancement allegations under 21 U.S.C. § 851.[3] He is charged only in Count 36, which alleges a stand-alone violation of 18 U.S.C. § 922(g)(1) based on firearms seized during the search of a residence.[4]**

**The Indictment does not allege that Count 36 was committed as part of the RICO conspiracy, the drug conspiracy, or any common plan involving another defendant. It does not allege that Mr. Mandac participated in RSP's affairs, its alleged drug trafficking, its alleged violence, or any transaction underlying another count. Count 36 therefore does not arise from the same act, transaction, or series of transactions as the charges against the other defendants.**

**Joinder is improper under Rule 8(b). Even if joinder could be sustained, Rule 14(a) warrants a separate trial because trying Mr. Mandac's single possession charge alongside extensive evidence of gang activity, racketeering, drug trafficking, violence, and firearm offenses would create a serious risk that the jury could not reliably determine his guilt solely from the evidence admissible against him.**

**Accordingly, this Court should sever Count 36 from the Indictment and grant Mr. Mandac a separate trial.**

---

[3] **The Sentencing Enhancements do not have designated numbers as do the counts.**

[4] **Indictment at pages 82 - 83.**

## II.

## THE COURT SHOULD SEVER DEFENDANT MANDAC AND GRANT HIM A SEPARATE TRIAL BECAUSE JOINDER IS IMPROPER UNDER RULE 8(a)

### A. Count 36 Must Be Severed Under Fed. R. Crim. P. 8(a) Because It Shares No Common Scheme, Transaction, or Similar Character with the Remaining 38 Counts of the Indictment

#### 1. Applicable Standards

Federal Rule of Criminal Procedure 8(a) provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

By its terms, Rule 8(a) permits an indictment to charge multiple offenses only if the offenses satisfy at least one of three conditions: they must be of the same or similar character, based on the same act or transaction, or "connected with or constitute parts of a common scheme or plan." At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and "those conditions, although phrased in general terms, are not infinitely elastic." United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007).

**"Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990), cited in Jawara, 474 F.3d at 572-573. *See also* United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) ("In making our assessment, we examine only the allegations in the indictment.").**

**In evaluating the "same or similar character" prong of Rule 8(a), the Court in Jawara stated:**

> **"[w]e consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)."**

**474 F.3d at 578.**

**To justify joinder under Rule 8(a)'s second or third prongs—that the offenses are "based on the same act or transaction" or constitute parts of a "common scheme or plan"—the face of the Indictment must demonstrate that the counts are "logically related" and share a substantial overlap in the proof required at trial. Jawara, 474 F.3d at 574, citing United States v. Anderson, 642 F.2d 281, 284 (9th Cir. 1981); Terry, 911 F.2d at 276. See, United States v. Uvari, 2022 U.S. Dist. LEXIS 37605, *10 (D. Nev. 2022), citing the above. On this point, the Jawara court**

stated (474 F.3d at 574):

> We have not specifically defined the requisite nexus for a "common scheme or plan"; because the words are self defining, courts generally permit joinder under this test where the counts "grow out of related transactions." [citation omitted]. Stated another way, we ask whether "[c]ommission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other." [citation omitted].

2. <u>Count 36 Does Not Arise From the "Same Act or Transaction" or "Common Scheme or Plan" as Counts 1 Through 35 or Counts 37 Through 39</u>

Under the standards discussed above, the Indictment here fails to justify the joinder of Count 36 under either the "same act or transaction" or the "common scheme or plan" prong of Rule 8(a). The following distinctions between Count 36 and the remaining counts in the indictment are notable:

(a) <u>Exclusion from the Overarching Conspiracies</u>:

Count One charges a massive RICO conspiracy [18 U.S.C. § 1962(d)] involving the RSP) gang, and Count Two charges a sweeping narcotics conspiracy (21 U.S.C. § 846). Those two counts establish the "common scheme or plan" of the Indictment, naming thirteen defendants. Mr. Mandac is the only defendant omitted from both Count One and Count Two.

**(b) Complete Absence of Evidentiary Overlap:**

**Count 36 is a standalone charge alleging that Mr. Mandac possessed firearms as a prohibited person under 18 U.S.C. § 922(g)(1) based on the search of a residence. Proving Count 36 requires only the testimony of the searching officers who seized the firearms, proof of actual or constructive possession, conscious / voluntary possession; prior felony status, and an interstate nexus finding. *See* Rehaif v. United States, 588 U.S. 225, 237 (2019); United States v. Benamor, 937 F.3d 1182, 1188 (9th Cir. 2019) (stipulation to prior felony); United States v. Beasley, 346 F.3d 930, 936 (9th Cir. 2003)[interstate commerce nexus for 922(g)(1)].**

**None of the proof required in a 922(g)(1) prosecution bears any relation to the witnesses, wiretaps, gang experts, or cooperating informants needed to prove the RSP gang structure, Mexican Mafia governance, territorial violence, or drug trafficking charged in the remaining thirty-eight counts.**

**(c) Exclusion from All Substantive Counts And Sentencing Enhancements:**

**The Indictment contains sixteen substantive drug distribution counts under 21 U.S.C. § 841 and nine sentencing enhancements under 21 U.S.C. § 851. None of these counts name Mr. Mandac or have any basis in the residential search underlying Count 36.**

**Because the four corners of the Indictment allege zero factual, transactional, or evidentiary connection between the residential firearm possession in Count 36 and the gang/narcotics enterprise charged in the rest of the Indictment, Count 36 cannot be joined under the "same act or transaction" or "common scheme or plan" prongs of Rule 8(a).**

**3. Count 36 Is Not of the "Same or Similar Character" as the Co-Defendants' Offenses, Including the 18 U.S.C. § 924(c) Counts**

**Nor can the government salvage the joinder of Count 36 under Rule 8(a)'s first prong: that the offenses are of the "same or similar character." As discussed earlier, in Jawara, the Ninth Circuit rejected a superficial "categorical" approach to the "same or similar character" prong and held that courts must examine six concrete factors assessable from the face of the indictment: (1) the elements of the statutory offenses; (2) the temporal proximity of the acts; (3) the likelihood and extent of evidentiary overlap; (4) the physical location of the acts; (5) the modus operandi of the crimes; and (6) the identity of the victims. 474 F.3d at 578.**

**Applying the Jawara factors demonstrates that Count 36 shares no "similar character" with any other count in the Indictment—including the eight firearm counts charged against the co-defendants under 18 U.S.C. § 924(c):**

**(a) <u>Divergent Statutory Elements</u>:**

**The eight firearm counts charged against the co-defendants are brought under 18 U.S.C. § 924(c), which requires proof that a defendant used, carried, or possessed a firearm in furtherance of a crime of violence or drug trafficking crime. By statutory design, a §924(c) offense is inextricably tethered to violent gang activity or narcotics distribution and thus links that charge to Count One or Two. By contrast, Count 36 charges Mr. Mandac alone under 18 U.S.C. §922(g)(1), a status offense that requires no predicate crime of violence, no drug trafficking nexus, and no gang involvement. It is often the case that §922(g)(1) charges are brought in single-count, single defendant indictments. That is exactly how Mr. Mandac should have been charged here.**

**(b) <u>Different Modus Operandi and Context</u>:**

**The remaining thirty-eight counts share a distinct modus operandi detailed extensively in Count One (RICO conspiracy): operating as a structured street gang, namely RSP, under the control of the Mexican Mafia (par. 4), operating in cliques led by shot callers (par. 5), flashing gang signs to intimidate rivals (par. 7), enforcing territory through violence (par. 10), and distributing narcotics (par. 13). A similarly distinct modus operandi is detailed in Count Two (drug conspiracy), which incorporates all of the overt acts from Count One.**

**In sharp contrast, Count 36 is predicated on a one-time residential search in which firearms were seized. No modus operandi is involved in the commission of the offense; and by the very nature of the offense, section 922(g)(1) stands alone without any connection to another count in the indictment.**

**(c) Lack of Evidentiary Overlap and Identity of Actors:**

**As established above, there is no overlap in proof between Count 36 and the §924(c), § 841, § 846, or § 1962(d) counts, and Mr. Mandac is not alleged to have acted in concert with any of the thirteen co-defendants in possessing the firearms at the residence. *Cf.* United States v. Jones, 2020 U.S. Dist. LEXIS 106003, *4 (D. OR. 2020)["the felon-in-possession charges overlap with the RICO (and related) charges")].**

**For the reasons discussed, Count 36 does not satisfy any of Rule 8(a)'s three independent grounds for joinder. It is not of the same or similar character as the RICO, drug, and associated firearm offenses; it is not based on the same act or transaction; and it is not alleged to be connected with or part of a common scheme or plan.**

**The defect appears on the face of the Indictment. That is the controlling focus of the Rule 8(a) inquiry. Severing Count 36 will permit the charge against Mr. Mandac to be tried on its own allegations and proof rather than as an**

appendage to an unrelated prosecution involving thirteen alleged RSP conspirators, thirty-eight other counts, and extensive allegations of gang activity, racketeering, narcotics trafficking, intimidation, and violence.

Accordingly, this Court should grant the motion and sever Count 36 from the Indictment and set a separate trial date for Mr. Mandac.

## III.

## EVEN IF COUNT 36 WERE PROPERLY JOINED UNDER RULE 8(a), THE COURT SHOULD SEVER COUNT 36 UNDER RULE 14(a) DUE TO SPILLOVER PREJUDICE

Rule 14(a) provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"The granting or denial of a severance trial under [Rule] 14 is a matter within the trial court's discretion." United States v. Doe, 655 F.2d 920, 926 (9th Cir. 1980), cited in United States v. McReynolds, 2019 U.S. Dist. LEXIS 207919, *1 (2019). *See,* Zafiro v. United States, 506 U.S. 534, 538-39, 113 S. Ct. 933 (1993)(Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

**The test is whether joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States v. Kinslow, 860 F.2d 963, 966-67 (9th Cir. 1988); United States v. Broadbent, 2023 U.S. Dist. LEXIS 194186, *3 (2023).**

**When evaluating whether to sever a count under Rule 14(a), the primary considerations are (1) whether the evidence of the other counts would be cross-admissible under Federal Rule of Evidence 404(b) in a standalone trial of Count 36, and (2) whether the jury can reasonably be expected to "compartmentalize" the inflammatory evidence of the other thirty-eight counts without allowing it to spill over into their assessment of Count 36. *See*, United States v. Johnson, 820 F.2d 1065, 1070-1072 (1987).**

**Both factors mandate severance of Count 36 here:**

**1. No Cross-Admissibility:**

**In a separate trial of Count 36, evidence regarding the Mexican Mafia, the RSP gang's cliques and shot callers, violent territorial intimidation, and large-scale narcotics trafficking would be flatly inadmissible under Federal Rules of Evidence 401, 403, and 404(b). None of the evidence supporting Counts 1 through 35 or Counts 37 through 39 has any probative value as to whether Mr. Mandac knowingly possessed firearms at a residence.**

**2. Judicial Economy Supports Severing Count 36:**

**Trying Count 36 as part of a sprawling 39-count RICO and narcotics mega-trial will require weeks or months of testimony irrelevant to Count 36. By contrast, a standalone trial on Count 36 can be completed in two days without duplicating a single gang or narcotics witness from the main trial.**

**Indeed, the disproportionate amount of evidence between Count 36 and the rest of the Indictment compels us to revisit United States v. Donaway, 447 F.2d 940, 943 (9th Cir. 1971). There, the Ninth Circuit reversed defendant Donaway's conviction in observing:**

> **In the case before us the government's case in chief covered more than 2,300 pages of transcript. Less than 50 pages were relevant to Donaway. Most of the rest dealt with the other defendants and transactions involving the handling and "doping" of horses, with which Donaway had no connection.**

**3. Extreme Inflammatory Spillover:**

**Courts in multiple circuits have recognized the potentially inflammatory and prejudicial impact of gang evidence. United States v. Graham, 293 F. Supp. 3d 732, 739 (E.D. MI. 2017)("gang evidence would be inadmissible if there is no connection between the evidence and the charged offense."); United States v. Thomas, 2019 U.S. Dist. LEXIS 121827, *5 (E.D. CA. 2019)[observing that courts often exclude (gang) evidence because it "may be unduly prejudicial."]; United States v. Smith,**

**2014 U.S. Dist. LEXIS 159877, *9 (D. Nev. 2014)(same).**

**State courts are in accord. For example, in State v. Scott, 151 Wn. App. 520, 526, 2131 P.3d 71, 75 (2009), the Washington Court of Appeals observed:**

> **There must be a connection between the crime and the organization before the evidence becomes relevant. [citation omitted]. Washington courts likewise have recognized the need for this connection before admitting evidence of gang membership. [citation omitted]. Accordingly, to admit gang affiliation evidence there must be a nexus between the crime and gang membership. [citation omitted]. Evidence of gang affiliation is considered prejudicial.**

**Here, the prejudice to Mr. Mandac resulting from a joint trial is readily apparent. If he went to trial solely on the §922(g)(1) charge, gang evidence would not be relevant to the charges. But in a joint trial, Mr. Mandac will be subjected to prodigious amounts of gang evidence offered by the government regarding a gang he is not alleged to be part of and co-defendants who have nothing to do with Count 36. The parallel to Donaway, 447 F.2d at 943, cannot be overlooked. While courts routinely give limiting instructions, the Supreme Court long ago cautioned against "[t]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction. . . .". Bruton v. United States, 391 U.S. 123, 129 (1968), quoting from Krulewitch v. United States, 336 U.S. 440, 453 (1949)(Jackson, J., concurring).**

## IV.

## CONCLUSION

For the reasons discussed above, this Court should grant defendant Richard Mandac a severance as to Count 36 and schedule a separate date for his trial.

DATED: October 21, 2026

Respectfully Submitted,

/S/

GREGORY NICOLAYSEN
Counsel for Defendant,
Richard Mandac